PJG Consent SSA (Rev 09/14/20)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dawn Leduc, | ) | C/A No. 0:19-2975-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social | ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, | ) | |
| | ) | ☐ Affirmed |
| Defendant. | ) | ☒ Reversed and Remanded |
| | ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒    Supplemental Security Income ("SSI")

Application date: <u>October 21, 2016</u>        Plaintiff's age at filing: <u>46</u>

☒    Disability Insurance Benefits ("DIB")

Date last insured: <u>December 31, 2009</u>

☐    Other:

Plaintiff's Year of Birth: <u>1969</u>

Plaintiff's alleged onset date: <u>January 1, 2005</u>        Plaintiff's age at alleged onset date: <u>35</u>

**Part II—Social Security Disability Generally**

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715

F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  October 11, 2018

In applying the requisite five-step sequential process, the ALJ found:

Step 1:        Plaintiff was engaged in substantial gainful activity during the relevant time period:
               ☐ Yes  ☒ No

Step 2:        ☒ Plaintiff has the following severe impairments:
                   migraine headaches, depression, and anxiety

               ☐ Plaintiff does not have a severe impairment.

Step 3:        ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:        Plaintiff's Residual Functional Capacity is as follows:

               [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can occasionally climb ladders, ropes, scaffolds, ramps, and stairs. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. She cannot work outdoors or in direct sunlight and can tolerate no more than occasional exposure to extreme heat, extreme cold, humidity, fumes, odors, dusts, gases, poorly ventilated areas, and hazards such as unprotected heights and moving machinery. She remains capable of work in environments requiring exposure to no more than moderate levels of noise as that term is defined in the *Dictionary of Occupational Titles*. She remains capable of simple, routine tasks and can make simple work-related decisions in an environment that is free from production-rate pace, such as that of an assembly line, and that involves no more than occasional interaction with the public. She will be off-task for 10% of the workday, exclusive of regularly scheduled breaks and will miss one day of work each month on an unscheduled basis.

Step 5:        ☐ Plaintiff could return to his/her past relevant work.

               ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.

               ☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:
               Proofreader Helper (DOT 239.677-010 SVP 2), unskilled and light exertion with approximately 157,000 jobs nationally; Information Clerk (DOT 237.367-018 SVP 2), unskilled and light exertion with approximately 89,000 jobs nationally; and Office Helper (DOT 239.567-010 SVP 2), unskilled and light exertion, with approximately 160,000 jobs nationally.

Date of Appeals Council decision:  August 15, 2019

## Part IV—Standard of Review

       Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were

reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## Part V—Issues for Judicial Review

I.      The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

II.     Evaluation of subjective symptomology of the Plaintiff.

## Oral Argument

☒ **Held on** **September 3, 2020.**

☐ **Oral argument not necessary for disposition**

## Summary of Reasons

Upon careful review of the parties' filings and the record and following oral argument, the court is constrained to remand this matter for further evaluation of Plaintiff's residual functional capacity. Specifically, the court finds that the ALJ failed to adequately explain how he determined that Plaintiff would be off-task for 10% of the workday. Although the Commissioner described the ALJ's inclusion of this limitation as "generous," there is simply no logical bridge between the evidence and his residual functional capacity findings regarding Plaintiff's ability to stay on task. Cf. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (remanding where the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion") (citation omitted); Mascio v. Colvin, 780 F.3d 632, 636-37 (4th Cir. 2015) (holding remand may be appropriate when the courts are left to guess at how the ALJ arrived at the conclusions and meaningful review is frustrated). The ALJ provides no explanation or justification for the inclusion of this limitations or, in fact, why greater limitations are not warranted. The court is unable to find this failure to be harmless in light of the ALJ's findings that Plaintiff would be moderately limited in her concentration, persistence, and pace as well as evidence identified by the Plaintiff suggesting that her migraines were recently worsening and her prescription medications were not providing the

relief and control suggested by the ALJ.[1]  (See, e.g., Pl.'s Br. at 19-21, 23, ECF No. 10 at 19-21, 23.)

## ORDER

☐     **Affirmed for the reasons stated on the record.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒     **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐     **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

September 14, 2020                              Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE

---

[1] Although Plaintiff also challenges the ALJ's evaluation of her subjective complaints, review of the ALJ's decision reflects that the ALJ evaluated the applicable factors and provided specific reasons for discounting Plaintiff's subjective reports.  See Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (detailing to two-step process for evaluating subjective complaints); 20 C.F.R. § 416.929(c)(3) (listing the factors to considering in evaluating subjective complaints); SSR 16-3p, 2017 WL 5180304, at *10 (proving the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.").  However, the first issue may impact the ALJ's evaluation of Plaintiff's subjective reports; therefore, it should be reconsidered on remand as well.